# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| ARCHIE LEWIS FRAZIER, | ) |  |
|---|---|---|
| Petitioner, | ) |  |
| v. | ) | Case No. CIV-18-831-D |
| CASEY HAMILTON, Warden, | ) |  |
| Respondent. | ) |  |

# ORDER

This matter is before the Court for review of the Report and Recommendation [Doc. No. 13], issued by United States Magistrate Judge Suzanne Mitchell pursuant to 28 U.S.C. § 636(b)(1)(B) and (C). After considering the claims on the merits, Judge Mitchell recommended the denial of the Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2254. Within the time limits authorized by the Court, Petitioner filed objections. Accordingly, the Court must make a *de novo* determination of any portion of the Report to which a specific objection is made, and may accept, modify, or reject the recommended decision in whole or in part. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(3).

Petitioner raises three grounds for relief in this habeas action: (1) that his guilty plea to Count 9 was not knowingly and voluntarily entered because his trial counsel and the trial court erroneously informed him that the minimum sentence for heroin trafficking was 10 years as opposed to four years in his case; (2) that his 10-year sentence for possession of marijuana (Count 13) was excessive where he pled to misdemeanor possession; and (3) that he was convicted and sentenced to a term of imprisonment on

Count 4 despite not being charged with Count 4 (Petitioner's co-defendant was charged in Count 4).

## ANALYSIS

Judge Mitchell recommends denial of the habeas petition. Although she acknowledges that federal courts do not review the merits of procedurally barred claims without a petitioner satisfying an exception to application of the procedural bar,[1] Judge Mitchell avoids deciding the procedural bar question. [Doc. No. 13 at 4]. Noting the exception in *Brown v. Sirmons*, 515 F.3d 1072, 1092-1093 (10th Cir. 2008), Judge Mitchell concludes that the "interest of efficiency" is served here where the "claims can readily be dismissed on the merits." [Doc. No. 13 at 4-5]; *see also Sirmons*, 515 F.3d at 1092-1093 (*quoting Snow v. Sirmons*, 474 F.3d 693, 717 (10th Cir. 2007)) ("We can avoid deciding procedural bar questions where claims can readily be dismissed on the merits."). Upon *de novo* review, the Court concurs that Petitioner's claims can readily be dismissed on the merits.

### A. Minimum Sentence for Heroin Trafficking (Count 9)

Petitioner contends that his guilty plea was unknowing and involuntary because his counsel and the trial judge improperly informed him that the minimum sentence for heroin trafficking committed in May 2015 was 10 years' imprisonment. According to Petitioner,

---

[1] The doctrine of procedural bar prohibits a federal court from considering a specific habeas claim where the state's highest court declined to reach the merits of that claim on independent and adequate state procedural grounds, unless a petitioner "demonstrate[s] cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate[s] that failure to consider the claim[] will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

the minimum sentence in his case should have been four years' imprisonment. The Court concurs with Judge Mitchell's conclusion that 10 years' imprisonment was the correct minimum sentence in Petitioner's case. Pursuant to OKLA. STAT. tit. 63, § 2-415(D)(1) (2014), the punishment range for trafficking 10 grams or more of heroin was "[n]ot less than twice the term of imprisonment provided for in Section 2-401 of this title." Section 2-401(B) contains two separate mandatory minimums depending on the identity of the substance. *See* OKLA. STAT. tit. 63, § 2-401(B)(1) and (2) (2012). A Schedule I substance that "is a narcotic drug … as defined in Sections 2-204 and 2-208 of this title" would be the basis for a term of imprisonment of not less than five years. OKLA. STAT. tit. 63, § 2-401(B)(1) (2012). However, a person convicted of trafficking any other Schedule I controlled substance would be exposed to a term of imprisonment of not less than two years. OKLA. STAT. tit. 63, § 2-401(B)(2) (2012). Thus, "twice the term of imprisonment" would be 10 years if heroin meets the definition of a narcotic drug in Section 2-204. If it does not, "twice the term of imprisonment" would be four years, as Petitioner represents.

Section 2-204(B)(10) (2015) identifies heroin, an opium derivative, as a Schedule I controlled substance. Further, under § 2-101(26) (2015), a narcotic drug includes "opium" and "a compound, manufacture, salt, derivative or preparation of opium whether produced directly or indirectly by extraction from substances of vegetable origin, or independently by means of chemical synthesis, or by a combination of extraction and chemical synthesis." Petitioner's reliance on *McIntosh v. State*, 237 P.3d 800, 803 (Okla. Crim. App. 2010) is misplaced. That case involved ecstasy, which is not an enumerated substance under § 2-204 or a narcotic drug as that term is defined in § 2-101(26). Accordingly, Petitioner was

3

correctly advised of the term of imprisonment he faced upon his guilty plea; thus, habeas relief is denied on this ground.

### B. Sentence for Possession of Marijuana (Count 13)

Petitioner contends that the 10-year sentence he received for marijuana possession was more than the statutory maximum for misdemeanor possession. The Court concurs with Judge Mitchell's conclusion that Petitioner was charged with and convicted of felony possession of marijuana in Count 13. Although Petitioner is correct that pursuant to plea negotiations the State of Oklahoma dismissed Page 2 of the Information, Petitioner's sentence was not enhanced under OKLA. STAT. tit. 21, § 51.1, which requires the district attorney's endorsement. Rather, Petitioner's marijuana possession conviction was a second and subsequent offense under Oklahoma's Uniform Controlled Dangerous Substances Act. *See* OKLA. STAT. tit. 63, § 2-412 ("An offense shall be considered a second or subsequent offense under this act, if, prior to his conviction of the offense, the offender has at any time been convicted of an offense or offenses under this act ...."); *Ellison v. State*, 493 P.2d 837, 840 (Okla. Crim. App. 1972); *Wood v. State*, 515 P.2d 245, 246 (Okla. Crim. App. 1973) (where the information charged the defendant with unlawful distribution of a controlled substance after a former conviction for the sale of drugs, the defendant was subject to the punishment prescribed under the specific legislation relating to narcotics, not under the habitual criminal statute, OKLA. STAT. tit. 21, § 51); *see also Holloway v. State*, 549 P.2d 368, 370 (Okla. Crim. App. 1976).

Count 13 of the Information alleged that Petitioner "feloniously" committed the crime of possession of a controlled dangerous substance (marijuana) on May 14, 2015, in

violation of OKLA. STAT. tit. 63, § 2-402. [Doc. No. 11-1 at 3]. The Information also alleged that Petitioner's commission of this crime occurred after his previous conviction for possession of a controlled dangerous substance on May 9, 2014, in Oklahoma County District Court, Oklahoma, Case No. CF-13-3273. *Id.* at 6. Under the laws in effect on May 14, 2015, the sentencing range for a second conviction for possession of marijuana committed within 10 years of the expiration of the previous sentence was two to 10 years. OKLA. STAT. tit. 63, § 2-402(B)(3) (2012). Further, a second or subsequent violation is classified as a felony conviction. *Id.* Accordingly, Petitioner's 10-year sentence was not more than the statutory maximum authorized under the law; thus, habeas relief is denied on this ground.

### C.  Conviction for Possession of a Firearm (Count 4 or 5)

Having conducted a *de novo* review, the Court concludes that Petitioner pled guilty to possession of a firearm after a former felony conviction regardless of whether it was Count 4 or Count 5. Judge Mitchell is correct that a scrivener's error does not entitle Petitioner to habeas relief; thus, the Court cannot add further meaningful analysis to that already set forth by Judge Mitchell on this issue.

### CONCLUSION

Therefore, upon *de novo* consideration of the issues, the Court finds that Petitioner's Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2254 [Doc. No. 1] is without merit. Judge Mitchell's Report and Recommendation [Doc. No. 13] is ADOPTED in its entirety. Accordingly, habeas relief on all three grounds is DENIED. A judgment shall be issued forthwith.

IT IS FURTHER ORDERED that, pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to a petitioner. A COA may issue only if Petitioner "has made a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003); *see Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484. Upon consideration, the Court finds the requisite standard is not met in this case. Therefore, a COA is DENIED. The denial shall be included in the judgment.

**IT IS SO ORDERED** this 23rd day of April 2019.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE